UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

J.T. BLAKNEY                                                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:22-CV-242-TBM-RPM

CITY OF MERIDIAN, ET AL                                                                        DEFENDANTS

## REPORT AND RECOMMENDATIONS

Plaintiff J.T. Blakney ("Blakney"), proceeding *pro se* and *in forma pauperis*, filed a complaint alleging constitutional violations against various Defendants including local city officials and former President Trump on September 12, 2022. Doc. [1]. When completing the civil complaint form, Blakney checked the box "diversity of citizenship" as the basis for this Court's jurisdiction. However, he also wrote "constitutional rights." Doc. [1], at 4. His complaint does not identify any factual allegations or particular claims. Blakney attaches a letter addressed to "patient advocate" complaining about his recent involuntary commitment to the East Mississippi State Hospital. Doc. [1-2], at 68. This issue seems to be the basis of his lawsuit. On December 19, 2022, Blakney filed a copy of a court order from a different lawsuit involving him. Doc. [4]. He wrote Bible verses in the margins; and seems to discuss the current lawsuit by stating: "All those involved [−] I wanted everything they own, just like they took everything I own." *Id*. at 7.

Blakney's pleadings do not indicate any clear basis for this Court's jurisdiction. On December 20, 2022, the Court issued a show cause order requiring Blakney to state the basis for the Court's jurisdiction and provide sufficient facts to state a plausible claim for relief by January 10, 2023. Doc. [5]. He was advised that his lawsuit may be dismissed if he failed to explain a basis for jurisdiction. *Id*. Blakney did not respond to the order.

The Court has a duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). As Blakney is proceeding *in forma pauperis*, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In short, Blakney does not allege a violation of federal law, nor does he explain how diversity jurisdiction exists in this lawsuit. Thus, the undersigned believes Blakney's complaint should be dismissed for lack of subject matter jurisdiction.

Additionally, as noted above, Blakney has not complied with the Court's show cause order. A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). Blakney was warned about the potential for dismissal in the show cause order. However, he still failed to submit the requested information. Therefore, the undersigned believes dismissal is warranted under these circumstances.

## RECOMMENDATION

The undersigned recommends that Plaintiff J.T. Blakney's complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court

need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 19th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE